# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Brown, Jody Tuchtenhagen, and Debbie Schultz, <br><br> Plaintiffs, <br><br> v. <br><br> American Federation of State, County and Municipal Employees, Council 5, AFL-CIO, <br><br> Defendant. | No. <br><br> **Class Action Complaint** |

## INTRODUCTION

1. In *Janus v. AFSCME,* 138 S. Ct. 2448, 2478 (2018), the United States Supreme Court held unions violated the First Amendment by seizing agency fees from public-sector employees without their consent. Plaintiffs, individually and on behalf of the proposed class of all agency fee-payers whose money was taken by American Federation of State, County and Municipal Employees, Council 5, AFL-CIO, ("Council 5" or "the Union") in violation of their First Amendment rights, sue for the return of their money under 42 U.S.C. § 1983.

## PARTIES

2. Plaintiff Eric Brown is a Minnesota resident who works at the Minnesota Department of Health. Mr. Brown was forced to pay agency fees to Council 5 from 1993 until June 27, 2018, which is the date the Supreme Court decided *Janus*.

1

3. Plaintiff Jody Tuchtenhagen is a Minnesota resident who works at the Minnesota Department of Human Services. Ms. Tuchtenhagen was forced to pay agency fees to Council 5 from April 2014 until June 27, 2018.

4. Plaintiff Debbie Schultz is a Minnesota resident who formerly worked at the Minnesota Department of Vehicle Services. Ms. Shultz was forced to pay agency fees to Council 5 from October 1996 until her retirement in October 2016.

5. Council 5 is a labor union representing public sector employees throughout the State of Minnesota. Its main office is located at 300 Hardman Ave S, South St. Paul, Minnesota 55075.

## JURISDICTION AND VENUE

6. This case raises claims under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7. Venue is appropriate under 28 U.S.C. § 1391(b) because the Union has its headquarters in and a substantial portion of the events giving rise to the claims occurred in the District of Minnesota.

## FACTUAL ALLEGATIONS

8. The Minnesota Public Employment Labor Relations Act authorizes exclusive representatives, such as Council 5, to require employees who are not union members to pay agency fees to the union as a condition of their employment. *See* Minn. Stat. § 179A.06 Subd. 3. The Act provides that "[t]he employer shall deduct the

fee from the earnings of the employee and transmit the fee to the exclusive representative 30 days after the written notice was provided [by the exclusive representative]." *Id.*

9. From times prior to May 2014 to on or around June 27, 2018, and acting under color of state law, Council 5 compelled employees who were not union members to pay agency fees to Council 5 by causing public employers to deduct agency fees from those employees' earnings without their consent. This includes having the State of Minnesota deduct agency fees from the Plaintiffs' earnings at times during which they were nonmembers of the union and without their consent.

10. After the Supreme Court's decision in *Harris v. Quinn*, 134 S. Ct. 2618 (2014), Council 5 knew or should have known that its agency fees seizures may violate public employees' First Amendment rights.

## CLASS ACTION ALLEGATIONS

11. This case is brought as a class action under Fed. R. Civ. P. 23(b)(3) by Plaintiffs ("Class Representatives") for themselves and for all others similarly situated. The class consists of all public sector employees from whom Council 5 collected agency fees from May 8, 2014 to June 27, 2018.

12. Upon information and belief, the number of persons in the class is so numerous that joinder is impractical. Schedule 13 of Council 5's 2017 LM-2 Report states that Council 5 had 8,322 fee payers in calendar year 2017 alone.

13. There are questions of law and fact common to all class members, including Class Representatives, namely whether the Union owes damages to agency fee-payers whose First Amendment rights the Union violated.

14. Class Representatives' claims are typical of class members' claims because Class Representatives had agency fees seized from by Council 5 in violation of their First Amendment rights and 42 U.S.C. § 1983.

15. Class Representatives are adequate to represent the class and have no conflict with other class members.

16. Class Counsel is provided by national public-interest legal aid organizations experienced in representing employees in federal litigation over labor law issues, having litigated many important cases in this area of law. These attorneys are able to represent the interests of the class and will fairly and adequately do so.

17. The class identified above can be maintained under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned agency fee deductions violate their First Amendment rights.

18. The class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by Defendant's actions, differing only in the amount of money deducted. This fact is known to Defendant and easily calculated

from Defendant's business records. The limited amount of money involved in the class of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

19. The constitutional violations perpetrated by the Union against all non-members were taken according to the same statutes, and constitute a concerted scheme that violates Class Representatives' rights at multiple levels and locations.

## CAUSE OF ACTION

### By collecting agency fees from non-members, the Union deprived Plaintiffs and class members of their First Amendment rights in violation of 42 U.S.C. § 1983.

20. The allegations contained in all preceding paragraphs are incorporated herein by reference.

21. Council 5 acted under color of Minnesota state law and as a state actor when compelling public employees to pay agency fees as a condition of their employment, causing and coordinating with public employers to deduct agency fees from public employees' earnings, and collecting agency fees.

22. Council 5 deprived Plaintiffs and class members of their First Amendment rights, as secured against infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by seizing and collecting agency fees from Plaintiffs and class members.

23. Plaintiffs and class members suffered losses of property and damages as a direct result of Council 5's deprivation of their First Amendment rights.

## PRAYER FOR RELIEF

Plaintiffs Eric Brown, Jody Tuchtenhagen, and Debbie Schultz respectfully request that this Court:

 a. Certify the class and appoint the undersigned as class counsel;

 b. Enter a judgment declaring that the Council 5 deprived Plaintiffs' and class members' their First Amendment rights, as secured against infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by seizing and collecting agency fees from Plaintiffs and class members;

 c. Award damages to Plaintiffs and class members in the full amount of fees and any assessments seized from their wages from before June 27, 2018, plus interest, for violations of their First Amendment rights;

 d. Award costs and attorneys' fees to Plaintiffs under 42 U.S.C. § 1988; and

 e. Award any further relief to which Plaintiffs may be entitled.

Respectfully Submitted,

Dated: May 8, 2020

**Plaintiffs Eric Brown, Jody Tuchtenhagen, and Debbie Schultz**,

By: <u>/s/ Craig S. Krummen</u>
    Craig S. Krummen #0259081
    Greenberg Traurig, LLP
    90 South 7th St., Suite 3500
    Minneapolis, MN 55402
    Telephone: 612-259-9719
    krummenc@gtlaw.com

    Jeffrey M. Schwab (IL Bar No. 6290710)*
    Daniel Suhr (WI Bar No. 1065568)*
    Liberty Justice Center
    190 South LaSalle Street, Suite 1500
    Chicago, Illinois 60603
    Telephone: 312-263-7668
    jschwab@libertyjusticecenter.org
    dsuhr@libertyjusticecenter.org

    William L. Messenger (VA Bar No. 47179)*
    c/o National Right to Work Foundation
    8001 Braddock Rd., Suite 600
    Springfield, VA 22160
    Telephone: 703-321-8510
    wlm@nrtw.org

    Douglas P. Seaton (MN Bar No. 127759)
    Upper Midwest Law Center
    8421 Wayzata Blvd. Suite 105
    Golden Valley, MN 55426
    Telephone: 612-428-7001
    Doug.Seaton@UMWLC.org

    *<i>Pro Hac Vice</i> to be filed

    **<i>Counsel for Plaintiffs</i>**