## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Brown, Jody Tuchtenhagen, and Debbie Schultz, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>American Federation of State, County, and Municipal Employees, Council No. 5, AFL-CIO,<br><br>Defendant. | Case No. 20-cv-01127 (SRN/ECW)<br><br>**ORDER** |
| Mark Fellows, Alicia Bonner, and Catherine Wyatt, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Minnesota Association of Professional Employees,<br><br>Defendant. | Case No. 20-cv-01128 (SRN/ECW) |

Craig S. Krummen, Greenberg Traurig, LLP, 90 South Seventh Street, Suite 3500, Minneapolis, MN 55402; Daniel Robert Suhr and Jeffrey Michael Schwab, Liberty Justice Center, 208 South LaSalle Street, Suite 1690, Chicago, IL 60604; Douglas P. Seaton, Upper Midwest Law Center, 8421 Wayzata Boulevard, Suite 105, Golden Valley, MN 55426; and William L. Messenger, National Right to Work Legal Defense Foundation, 8001 Braddock Road, Suite 600, Springfield, VA 22160, for Plaintiffs.

Josie Doris Hegarty, AFSCME Council 5, 300 Hardman Avenue South, South Saint Paul, MN 55075; and Leon Dayan and Ramya Ravindran, Bredhoff & Kaiser, PLLC,

805 Fifteenth Street, Northwest, Suite 1000, Washington, D.C. 20005, for Defendant American Federation of State, County and Municipal Employees, Council No. 5.

Amanda C. Lynch, Patrick C. Pitts, and Scott A. Kronland, Altshuler Berzon LLP, 117 Post Street, Suite 300, San Francisco, CA 94108; and Brendan D. Cummins and Justin D. Cummins, Cummins & Cummins, LLP, 920 Second Avenue South, Suite 1245, Minneapolis, MN 55402, for Defendant Minnesota Association of Professional Employees.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on motions to dismiss filed in two related cases [20-cv-01127, Doc. No. 19; 20-cv-01128, Doc. No. 21]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motions.

## I.   BACKGROUND

In 1977, the United States Supreme Court ruled that public-sector employers and labor unions representing public-sector employees could, consistent with the First Amendment, compel public-sector employees to contribute to a union's collective bargaining costs even if the employees refused to join the union. *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977). Approximately forty years later, the Supreme Court overruled *Abood* and held that such "fair-share" or "agency" fee arrangements violate employees' First Amendment rights. *Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, 138 S. Ct. 2448 (2018).

Plaintiffs are current and former employees of various Minnesota state agencies who, prior to *Janus*, were compelled to pay fair-share fees as a condition of their

employment notwithstanding their refusal to become union members. (Compl. [20-cv-01127, Doc. No. 1], at ¶¶ 2-4; Compl. [20-cv-01128, Doc. No. 21], at ¶¶ 2-4.) Plaintiffs brought these putative class actions against their unions under 42 U.S.C. § 1983, seeking the return of the fair-share fees they paid prior to the Supreme Court's ruling in *Janus*.

Defendants, the American Federation of State, County, and Municipal Employees, Council No. 5 and the Minnesota Association of Professional Employees (collectively, "the Unions") subsequently moved to dismiss Plaintiffs' claims. The Unions argue that § 1983 provides a defense for private actors who act in good faith reliance on the law as it existed at the time of their actions. Because their actions in collecting fair-share fees from Plaintiffs were supported by more than forty years of Supreme Court precedent prior to *Janus* and specifically authorized by the Minnesota Public Employment Labor Relations Act, Minn. Stat. § 179A.06, Subd. 3, the Unions assert that the good faith defense bars Plaintiffs' § 1983 claims.

## II.   DISCUSSION

### 1.   Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. *See* Fed. R. Civ. P. 12(d).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Where a motion to dismiss is based on an affirmative defense, the moving party must show that it is entitled to the defense on the face of the complaint. *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016).

## 2.    Analysis

Neither the Supreme Court nor the Eighth Circuit has squarely addressed whether § 1983 affords private actors a good faith defense to liability, nor whether such a defense applies to a public-sector employee's claim for reimbursement of fair-share fees paid prior to *Janus*. But in analyzing the Unions' proffered defense, the Court is not without persuasive authority: every court to consider the issue has held that public-sector unions may assert a good faith defense to § 1983 claims for reimbursement of pre-*Janus* fair-share fees. *E.g.*, *Janus v. Am. Fed'n of State, Cty. & Mun. Emps., Council 31; AFL-CIO*, 942 F.3d 352, 364 (7th Cir. 2019) ("*Janus* Remand"); *Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019), *cert. denied*, No. 19-1130, 2021 WL 231555 (U.S. Jan. 25, 2021); *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 389 (6th Cir. 2020), *cert. denied*, No. 20-422, 2021 WL 231559 (U.S. Jan. 25, 2021); *Wholean v. CSEA SEIU Local 2001*, 955 F.3d 332, 334 (2d

Cir. 2020); *Diamond v. Pennsylvania State Educ. Ass'n*, 972 F.3d 262, 271 (3d Cir. 2020)[1];

*Doughty v. State Emps.' Ass'n of New Hampshire, SEIU Local 1984, CTW, CLC*, 981 F.3d

128, 133 (1st Cir. 2020).

The Court begins its analysis, as did many of those courts, with the text of § 1983.

It is true, as Plaintiffs point out, that the text of § 1983 does not itself provide for a good

faith defense. Rather, "[i]ts language is absolute and unqualified; no mention is made of

any privileges, immunities, or defenses that may be asserted." *Owen v. City of Indep.*, 445

U.S. 622, 635 (1980).

Notwithstanding the statute's unqualified language, the Supreme Court has long

recognized defenses to § 1983 claims, where those defenses were sufficiently rooted in the

common law and supported by sufficiently strong policy. *See City of Newport v. Fact

Concerts, Inc.*, 453 U.S. 247, 259 (1981) ("Only after careful inquiry into considerations

of both history and policy has the Court construed § 1983 to incorporate a particular

---

[1] Plaintiffs argue that the Third Circuit's decision in *Diamond* departed from the opinions of the other circuits. There, Judge Rendell, writing for the court, recognized the good faith defense and held that it barred the plaintiffs' *Janus* claim against their union. *Id.* at 271. Judge Fisher, concurring in the judgment, disagreed with Judge Rendell's reasoning, but similarly concluded that the Union had a defense to the plaintiffs' claims. *Id.* at 274 ("There was available in 1871, in both law and equity, a well-established defense to liability substantially similar to the liability the unions face here. Courts consistently held that judicial decisions invalidating a statute or overruling a prior decision did not generate retroactive civil liability with regard to financial transactions or agreements conducted, without duress or fraud, in reliance on the invalidated statute or overruled decision."). Only Judge Phipps, in dissent, squarely rejected a defense based on the union's good faith reliance on the state statute and *Abood*. *Id.* at 285. Thus, both Judge Rendell and Judge Fisher recognized that the union's reliance on the state statute and *Abood* established an affirmative defense to the plaintiffs' *Janus* claim, though they reached that conclusion by different reasoning.

immunity defense."). Beginning in *Pierson v. Ray*, the Supreme Court held that state actors may assert qualified immunity as a shield against § 1983 claims. 386 U.S. 547, 557 (1967). And when the Court held that private actors may, under certain circumstances, be sued under § 1983, it hinted at an affirmative defense available to them. In *Lugar v. Edmondson Oil Co.*, the Court held that a private actor who invokes a state's attachment procedures could be subject to § 1983 liability. 457 U.S. 922 (1982). The *Lugar* Court acknowledged that its holding raised the "concern[] that private individuals who innocently make use of seemingly valid state laws would be responsible, if the law is subsequently held to be unconstitutional, for the consequences of their actions." *Id.* at 942 n.23. In response to this concern, the Court expressed the view that "this problem should be dealt with not by changing the character of the cause of action but by establishing an affirmative defense." *Id.*

Although the *Lugar* Court declined to establish such an affirmative defense in that case, the Sixth Circuit noted the Court's suggestion and recognized a good faith affirmative defense to § 1983 liability. *Duncan v. Peck*, 844 F.2d 1261, 1267 (6th Cir. 1988). The *Duncan* court reasoned that § 1983 claims against private parties are analogous to common law malicious prosecution and wrongful attachment claims, which were subject to a good faith defense at common law. *Id.* The court found that a good faith defense to § 1983 liability was therefore consistent with the common law, and supported by strong public policy reasons. *Id.* at 1263–64, 1267–68; *cf. City of Newport*, 453 U.S. 247.

Then, in *Wyatt v. Cole*, the Supreme Court held that private actors sued under § 1983 may not assert qualified immunity. 504 U.S. 158, 159 (1992). Facing the "narrow" question

of whether private actors facing liability under *Lugar* may invoke the same qualified immunity available to government officials, the Court reasoned that "[a]lthough principles of equality and fairness may suggest . . . that private citizens who rely unsuspectingly on state laws they did not create and may have no reason to believe are invalid should have some protection from liability, as do their government counterparts, such interests are not sufficiently similar to the traditional purposes of qualified immunity to justify" an extension of qualified immunity to private actors. *Id.* at 168. But the Court again hinted at a good faith affirmative defense: "In so holding, however, we do not foreclose the possibility that private defendants faced with § 1983 liability under [*Lugar*] could be entitled to an affirmative defense based on good faith and/or probable cause or that § 1983 suits against private, rather than governmental, parties could require plaintiffs to carry additional burdens." *Id.* at 169.

In the wake of *Janus*, courts across the country were faced with the same question presented by the instant cases: Can a union that collected fair-share fees and spent them in support of collective bargaining efforts, in good faith reliance on state statutes and forty years of Supreme Court precedent upholding the constitutionality of those statutes, be required to refund those fees now that the Supreme Court has changed course? Like every court to address the question, this Court's answer is no. The Court holds that private actors who act in good faith reliance on a state statute and Supreme Court case law holding that statute constitutional have an affirmative defense to § 1983 liability. Such a defense is analogous to those available in common law malicious prosecution and abuse of process

7

cases at the time § 1983 was enacted.[2] *See Duncan*, 844 F.2d at 1267; *Danielson*, 945 F.3d at 1102 ("[T]he fundamental premise for section 1983 liability against the Union is its alleged abuse of processes authorized by Washington law . . . toward unconstitutional ends."); *Doughty*, 981 F.3d at 135 (analogizing to common law malicious prosecution and abuse of process). And such a defense fulfills the important policy goals—including "principles of equality and fairness"—that the Supreme Court has repeatedly suggested justify an affirmative defense in private-actor § 1983 cases. *See Lugar*, 457 U.S. at 942 n.23; *Wyatt*, 504 U.S. at 159; *see also Diamond*, 972 F.3d at 271 ("It is fair—and crucial to the principle of rule of law more generally—that private parties like the Unions should be able to rely on statutory and judicial authorization of their actions without hesitation or fear of future monetary liability.").

Although the good faith defense is narrow, the Court need not fully define its limitations to conclude that it applies here. The Unions collected fair-share fees from Plaintiffs as authorized by the Minnesota Public Employment Labor Relations Act ("PELRA"), Minn. Stat. § 179A.06, Subd. 3. The Unions' reliance on PELRA was

---

[2] Plaintiffs argue that their *Janus* claims are more similar to the common law tort of conversion—a strict liability tort—than malicious prosecution and abuse of process. But, as the Ninth Circuit has explained: "Plaintiffs' First Amendment claim arises not from the taking of their property, but from their compelled speech on behalf of a cause they do not endorse. The unprivileged confiscation of funds from employees' paychecks, on its own, would yield no cognizable First Amendment violation. Moreover, unlike in a traditional conversion case, the Union did not collect agency fees in contravention of state law; the key theme underlying Plaintiffs' section 1983 cause of action is that the Union collected agency fees *in accord with* state law." *Danielson*, 945 F.3d at 1102.

supported by *Abood* and forty years of precedent thereafter.[3] Plaintiffs do not allege that the Unions acted with malice, with the knowledge that PELRA was unconstitutional, or that the Unions otherwise acted in bad faith. Accordingly, the Court finds that the Unions' good faith defense is established on the face of the Complaints, and dismissal under Federal Rule of Civil Procedure 12(b)(6) is therefore proper. *See Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016).

One final argument remains to be addressed. Unlike the plaintiffs in some of the other post-*Janus* fair-share fee cases, Plaintiffs argue that recognizing a good faith defense here would be incompatible with the Supreme Court's retroactivity doctrines announced in *Harper v. Virginia Department of Taxation*, 509 U.S. 86 (1993), and *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749 (1995). In *Harper*, the Court held that when it applies a legal rule to the parties before it, every court must give retroactive effect to the Court's decision. 514 U.S. at 90. And in *Reynoldsville Casket*, a state court had held that a prior Supreme Court decision invalidating a tolling provision in a statute of limitations was not retroactively applicable to the plaintiff's pending case. 514 U.S. at 751. The plaintiff characterized the state court's attempt to circumvent retroactivity as an equitable "remedy" based on her reliance interest in the existing tolling provision. *Id.* at 752. Unconvinced, the

---

[3] The Court notes that the Supreme Court had, as early as 2012, begun to express "misgivings" about *Abood*. *See Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2484 (2018) (citing *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298 (2012); *Friedrichs v. California Teachers Ass'n*, 136 S. Ct. 1083 (2016)). But "[t]he Rule of Law requires that parties abide by, and be able to rely on, what the law *is*, rather than what the readers of tea-leaves predict that it might be in the future." *Janus* Remand, 942 F.3d at 366.

Court held that even if the state court's retroactivity ruling were characterized as an equitable remedy, the state court could not, through "a concern about reliance alone," "create what amounts to an ad hoc exemption from retroactivity." *Id.* at 758.

But recognizing the good faith defense to a *Janus* claim for reimbursement of fair-share fees is not an ad hoc "remedy" designed to vindicate the Unions' reliance interests and undermine *Janus's* retroactivity.[4] Indeed, the *Reynoldsville Casket* Court itself explained that

> as courts apply "retroactively" a new rule of law to pending cases, they will find instances where that new rule, for well-established legal reasons, does not determine the outcome of the case. Thus, a court may find . . . a previously existing, independent legal basis (having nothing to do with retroactivity) for denying relief . . . .

*Id.* at 758–59. Here, the Court's recognition of the Unions' claim to a good faith defense under § 1983 is not based on "simple reliance." *Id.* Rather, "the good-faith defense constitutes 'a previously existing, independent legal basis . . . for denying' a retroactive remedy." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 389 (6th Cir. 2020) (quoting *Reynoldsville Casket*, 514 U.S. at 759) (alterations in original); *see also Doughty*, 981 F.3d at 137 (rejecting the plaintiffs' invocation of *Harper* as a bar to applying the good faith defense to their *Janus* claims). Thus, the Court's finding that the good faith defense bars

---

[4] The Court assumes, without deciding, that *Janus* is retroactively applicable—as did many of the other courts to address *Janus* claims like Plaintiffs'. *See, e.g.*, *Wholean v. CSEA SEIU Local 2001*, 955 F.3d 332, 336 (2d Cir. 2020) ("[W]e note that nothing in *Janus* suggests that the Supreme Court intended its ruling to be retroactive. . . . Even if the retroactivity of *Janus* is presumed, . . . [a] good-faith defense would still preclude the relief Appellants seek.").

Plaintiffs' claims against the Unions does not conflict with the Supreme Court's retroactivity jurisprudence.

Because the Court concludes that the good faith defense bars Plaintiffs' § 1983 claims on the face of the Complaints, the Court grants the Unions' Motions to Dismiss.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [20-cv-01127, Doc. No. 19; 20-cv-01128, Doc. No. 21] are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 12, 2021                          s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge

11